RAPID MOTOR LINES, INC. v. WILLIAM J. COX,
HIGHWAY COMMISSIONER

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 66351

Memorandum filed May 1, 1947.

*Edward L. Reynolds,* of New Haven, for the Plaintiff.

*Gumbart, Corbin, Tyler* and *Cooper,* of New Haven, for the Defendant.

DALY, J. This action brought under § 1481 of the General Statutes, which provides in part that "No such action shall be brought except within one year from the date of such injury, nor unless notice of such injury . . . shall have been given with-in sixty days thereafter to the highway commissioner."

In the complaint as amended, the plaintiff alleges that its truck was damaged on March 27, 1944, that on May 26, 1944, it sent a notice to the defendant and that he received it on May 27, 1944. The defendant in its demurrer claims that because the notice was not received until May 27, 1944, notice was not given "within sixty days thereafter," as required by the statute.

The statute requires that "notice . . . shall have been given within sixty days thereafter to the highway commissioner." This requires a completed act and can only mean that the highway commissioner shall have been given the notice within sixty days.

It is true that the word "notify" is not synonymous with the word "notice." *General Motors Corporation* v. *Swan Carburetor Co,* 88 F. 2d, 876, 885. This fact might be of some importance if the statute required that the plaintiff "give notice." The significant words in the statute are that "notice . . . shall have been given . . . to the highway commissioner." Because of this I am forced to agree with the defendant. Accordingly, the demurrer is sustained upon the ground stated therein.